

FILED
DEC 27 2010

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

JOSEPH EDWARDS,

    Plaintiff,

v.

STATE OF SOUTH DAKOTA; TIM
REISCH, SECRETARY, DEPART-
MENT OF CORRECTIONS; DOUG
WEBER, WARDEN, SIOUX FALLS
PENITENTIARY; ROBERT DOOLEY,
WARDEN, MIKE DURFEE STATE
PRISON; AND DOES I, II, III, AND
IV, INDIVIDUALLY AND IN THEIR
OFFICIAL CAPACITIES,

    Defendants.

File No. CIV 10-4176

COMPLAINT

### I. Preliminary Statement

This is an action against South Dakota and its employees for violating plaintiff's constitutional and civil rights in allowing him to be physically assaulted and causing or contributing to the circumstances allowing the assault to occur resulting in serious, traumatic, and permanent physical and emotional injuries suffered by plaintiff while he was imprisoned at Mike Durfee State Prison in Springfield, South Dakota.

### II. Jurisdiction

1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983. This action arises under the constitution and laws of the United States. This Court has jurisdiction over pendent claims pursuant to 28 U.S.C. § 1367. Venue is proper under 28 U.S.C. § 1491 (a) (1). This Court has authority to issue

declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 65 of the Federal Rules of Civil Procedure.

### III. Parties

2.  Joseph Edwards at all relevant times was and is an inmate in the South Dakota prison system at both Springfield and Sioux Falls, South Dakota.

3.  The State of South Dakota operates and administers a prison system to incarcerate those persons who have received prison sentences as punishment in criminal cases.

4.  Tim Reisch is the Secretary of the South Dakota Department of Corrections and he is responsible for the overall prison system in South Dakota. He is responsible for classifying prisoners and implementing policies for the protection of prisoners.

5.  Doug Weber is the Warden of the South Dakota Prison at Sioux Falls. He is overall warden of all prisons in South Dakota, including the Sioux Falls Prison. He is responsible for developing and following policies pertaining to classifying and for protecting the safety and security of prisoners.

6.  Robert Dooley is the Warden of the Mike Durfee State Prison at Springfield, South Dakota. He is responsible for the overall supervision and administration of the Prison which includes providing for classifying prisoners and providing for their safety and security.

7.  Does I, II, III, and IV are employees of the South Dakota Department of Corrections at the Mike Durfee State Prison in Springfield, South Dakota. They were on duty on August 5, 2010, when plaintiff was assaulted and engaged in the conduct with forms the basis for the present action.

## IV. Facts

8. On August 5, 2009, plaintiff was an inmate assigned to Room 320, third floor, West Crawford, at the Mike Durfee State Prison at Springfield, South Dakota.

9. Plaintiff had 4 points and was therefore a trustee and should have been in a trustee unit rather than the secured facility at the Mike Durfee State Prison.

10. During the day, an unknown Native American inmate accosted plaintiff on prison grounds at the prison.

11. In the evening of that day, at approximately 10:00 p.m., plaintiff was alone in his cell preparing for bed.

12. Two unknown prisoners entered his cell, one of whom was the person who had accosted him earlier in the day; two other unknown prisoners stood outside his cell acting as lookouts for guards.

13. Plaintiff could not leave his cell because he was blocked from doing so by the two unknown prisoners who had entered his cell.

14. No guards were around.

15. Count had not been cleared.

16. The unknown prisoners entering his cell were from other floors and cell areas.

17. The cell area where the assault occurred and the hallway running along the cell were monitored by cameras.

18. There were no emergency buttons in the cells to allow calls for help.

19. The prisoners held hand locks which had previously been used by prisoners to assault each other.

20. Plaintiff was assaulted on and about his head and shoulders in an attempt to take his life by the two unknown prisoners who held the hand locks. He was beaten and lost consciousness.

21. Plaintiff suffered a subdural hematoma and right sided subarachnoid hemorrhage, postconcussive syndrome, post traumatic headaches and occipital neuralgia on the left side, neck pain, a broken clavicle, fractures to the left side of his face, several lacerations to the back of his head requiring stitches, fitted with a body cast, was hospitalized for weeks and continues rehabilitation.

22. Plaintiff was hospitalized at Tyndall, South Dakota, and flown to McKennan Hospital in Sioux Falls.

23. When he was discharged from McKennan, he was returned to the South Dakota Penitentiary at Sioux Falls, South Dakota. While at Sioux Falls in the Jamison Complex, complications arose in his recovery that were ignored by the prison personnel and which resulted in him contracting an infection which could have taken his life.

24. Plaintiff suffered temporary and permanent physical and emotional injury, including permanent cosmetic damage to his face, and permanent pain and suffering.

25. Plaintiff's injuries resulted in an impairment to his earning capacity, loss of future income, past and future medical bills, and diminishment of the quality of his life.

### FIRST CLAIM FOR RELIEF

26. Plaintiff was an inmate and was being restrained and imprisoned by defendants.

27. Defendants were required, but failed to take reasonable measures to guarantee inmate safety from attacks by other inmates.

28. Defendants' allowance of hand held locks, failure to provide emergency buttons in prison cells, failure to continuously review camera monitors, allowing inmates

to go on floors other than where their cells are located, and failure to insure presence of guards posed a substantial risk of serious harm which defendants knew about and disregarded and which were objectively and sufficiently serious.

29. Defendants acted under color of law, in willful and reckless disregard for the safety of plaintiff, knew the above failures were unreasonably dangerous, and the risk was obvious or known.

30. Defendants were deliberately indifferent to plaintiff's risk of injury and plaintiff was deprived of substantive due process under the Fourteenth Amendment. Defendants' actions shock the conscience.

31. Plaintiff's rights under the Eighth Amendment were violated.

32. The harm caused to plaintiff was proximate, immediate, foreseeable and direct.

## SECOND CLAIM FOR RELIEF

33. Plaintiff was an inmate being involuntarily restrained and imprisoned by defendants.

34. Defendants were required, but failed, to take reasonable measures to guarantee inmate safety from attacks by other inmates.

35. Defendants failed to adopt some system of classifying and housing prisoners to assure that a prisoner's propensity for violence as well as an inmate's emotional and physical health be accounted for so as to minimize the risk of harm from fellow inmates.

36. Plaintiff was a level 4 prisoner and was trustee eligible. Instead he was placed in a non-trustee area in a cell and housed with inmates who were dangerous and posed a substantial risk of serious harm to plaintiff which defendants knew about and disregarded and which were objectively and sufficiently serious.

37. Defendants knew the absence of and practice of not having a system of classifying and housing prisoners, or if one was in place the failure to abide by it, was unreasonably dangerous.

38. Defendants acted under color of law, in willful and reckless disregard for the safety of plaintiff, and the risk was obvious or known.

39. Defendants were deliberately indifferent to plaintiff's risk of injury and plaintiff was deprived of substantive due process under the Fourteenth Amendment. Defendants' conduct shocks the conscience.

40. Plaintiff's rights under the Eighth Amendment were violated.

41. The harm caused to plaintiff was proximate, immediate, foreseeable, and direct.

### THIRD CLAIM FOR RELIEF

42. Plaintiff was an inmate and was being restrained and imprisoned by defendants.

43. Defendants have a duty to take reasonable measures to guarantee inmate safety from attacks by other inmates.

44. Defendants' allowance of hand held locks, failure to provide emergency buttons in prison cells, failure to continuously review camera monitors, allowing inmates to go on floors other than where their cells are located, and failure to insure presence of guards posted a substantial risk of serious harm which defendants knew about and disregarded.

45. Defendants failed to adopt some system of classifying and housing prisoners to assure that a prisoner's propensity of violence as well as an inmate's emotional and physical health be accounted for so as to minimize the risk of harm from fellow inmates.

46. Plaintiff was a level 4 prisoner and was trustee eligible. Instead he was placed in a non-trustee area in a cell and housed with inmates who were dangerous and posed a substantial risk of serious harm to plaintiff.

47. The action and conduct of defendants was negligent.

48. As a proximate cause and cause in fact of defendants' negligence, defendant sustained permanent and traumatic injury as set out in ¶¶ 20 to 24 above.

WHEREFORE, PLAINTIFF PRAYS that this Honorable Court:

1. Take jurisdiction of this action and set the matter down for a prompt jury trial, which is hereby demanded.

2. Award plaintiff such money damages as will compensate him for the injuries that he has suffered and for his costs and disbursements as allowed by law.

3. Award plaintiff his attorney's fees incurred in litigating this matter.

4. For such other or additional relief as may be proper in the premises.

Dated this 22nd day of December, 2010.

_____
Terry L. Pechota
Pechota Law Office
1617 Sheridan Lake Road
Rapid City, SD 57702
(605) 341-4400
(605) 341-0716
tpechota@1868treaty.com